# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENNETH O. MCHAM and )
PATRICIA D. SMITH, )
                              )
    Plaintiffs, )
                              )
       v. )            1:14CV997
                              )
WELLS FARGO BANK, et al., )
                              )
    Defendants. )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiffs' Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with their pro se Complaint (Docket Entry 3) and an Amended Complaint[1] (Docket Entry 4). The Court will grant Plaintiffs' Application (Docket Entry 1) for the limited purpose of recommending dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness and failure to state a claim of Plaintiffs' federal-law claims. Additionally, the undersigned will recommend that the Court decline supplemental jurisdiction over Plaintiffs' remaining state-law claims.

---

[1] Plaintiffs filed an Amended Complaint on December 5, 2014. The Amended Complaint includes additional factual allegations against Defendants, but omits many claims and allegations from the original Complaint. Therefore, the undersigned understands the Amended Complaint to represent an addition to rather than a substitution for, the original Complaint, and will treat it accordingly. Plaintiffs currently have the right to amend their pleadings once as a matter of course, see Fed. R. Civ. P. 15(a)(1), so the undersigned will accept Plaintiffs' Amended Complaint.

**LEGAL BACKGROUND**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see

also Nagy, 376 F.3d at 256 ("The word frivolous is inherently elastic and not susceptible to categorical definition." (internal quotation marks omitted)).

As to the second ground, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[2]

---

[2] Although the Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint).

**ANALYSIS**

Plaintiffs' case stems from allegations that Defendant Wells Fargo (then named Wachovia Bank) and some of its employees engaged in a conspiracy to withdraw and misuse funds from Plaintiff Patricia D. Smith's bank accounts, and that local law enforcement prevented Plaintiff Kenneth O. McHam from stopping Defendants. (See Docket Entries 3, 4.)[3] Plaintiffs appear to allege that Defendants: violated 18 U.S.C. §§ 1344, 241, 371, in relation to Plaintiff Smith's bank account (see, e.g., Docket Entry 3, ¶¶ 18, 28, 30); violated Plaintiff Smith's civil rights under the 14th Amendment - actionable under 42 U.S.C. § 1983 (see, e.g., id., ¶¶ 114, 119, 133); conspired to interfere with Plaintiff Smith's civil rights under 42 U.S.C. § 1985(2) (id., ¶ 84); committed various state-common-law torts against Plaintiff Smith (see, e.g., ¶¶ 49-83); and conspired to have Plaintiff McHam falsely arrested and to violate his 14th Amendment[4] rights - actionable under 42 U.S.C. § 1983 (id., ¶¶ 119, 134; Docket Entry 4, ¶ 6). For the reasons that follow, the Court should dismiss Plaintiffs' federal-law claims for frivolousness and failure to state a claim, and the

---

[3] Although the Complaint and Amended Complaint allege violations of constitutional rights, neither names any state actors as defendants. (See Docket Entries 3, 4.)

[4] The undersigned assumes Plaintiff McHam means his Fourth Amendment rights as incorporated against the States by the Fourteenth Amendment. See Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (noting that a false arrest claim essentially alleges a violation of one's Fourth Amendment rights).

4

Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.

A. Frivolousness

At the outset, Plaintiff McHam purports to pro se represent himself and Plaintiff Smith in this case;[5] Plaintiff McHam, and not Plaintiff Smith, signed the Complaint and Amended Complaint. (See Docket Entries 3 at 4, 46; Docket Entry 4 at 3.) Plaintiff McHam claims to have an executed power of attorney over Plaintiff Smith, (see Docket Entry 3 at 1; Docket Entry 3-1 at 31-33), and wrote on the Pro Se Complaint Form "(POA)" next to his name and below Plaintiff Smith's (Docket Entry 3 at 1). However, the law does not allow this form of representation. "Litigants in civil and criminal actions and parties in bankruptcy proceedings before this Court, except parties appearing pro se, must be represented by at least one attorney who is a member of the bar of this Court." M.D.N.C. LR 83.1(c)(1). In other words: "[a]n individual unquestionably has the right to litigate his own claims in federal court . . ., however, [that right] does not create a coordinate right to litigate for others." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original) (citing, inter alia, 28 U.S.C. § 1654). "The reasoning behind this rule is

---

[5] The undersigned cannot find a record of a "Kenneth O. McHam" authorized to appear in this Court, and nothing appears in the voluminous filings to suggest Plaintiff McHam holds a license to practice law and/or possesses permission to appear as an attorney in this Court.

5

two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Id. (internal citations omitted).

Plaintiff McHam's executed power of attorney does not supersede these well-established principles, and district courts in this Circuit have uniformly precluded non-attorneys from litigating matters in other's names despite claiming power of attorney. See Normand v. Reynolds, No. 5:13-CV-222-F, 2013 WL 2467987, at *1 n.1 (E.D.N.C. June 7, 2013) (unpublished) (noting that the plaintiff's attempt to litigate via a power of attorney provided an alternate ground for dismissal); SEC v. White, No. 8:11-944-HMH-KFM, 2011 WL 1544202, at *3 (D.S.C. Apr. 22, 2011) (unpublished) (prohibiting the defendant from allowing his wife to sign motions on his behalf despite an executed power of attorney); Umstead v. Chase Manhattan Mortg. Corp., No. 7:04CV747, 2005 WL 2233554, at *2 (W.D. Va. Sept. 13, 2005) (unpublished) (ruling that, despite possessing a power of attorney, "M. Umstead, as a lay person without a license to practice, cannot represent J. Umstead in this action"). As such, Plaintiff McHam lacks standing to sue for Plaintiff Smith, and this Court does not have subject matter jurisdiction over the claims asserted on behalf of Plaintiff Smith. See Penland Fin. Servs., Inc. v. Select Fin. Servs., LLC, No. 6:08–3864–HMH–WMC, 2008 WL 5279638, at *3 (D.S.C. Dec. 18, 2008) (unpublished) ("[B]ecause Charles Penland may not litigate pro se the rights of the

corporation, he lacks standing to bring this action; and, therefore, this court does not have subject matter jurisdiction over this action."), aff'd, 315 Fed. Appx. 456 (4th Cir. 2009); Smith v. County of Pickens, No. 8:08-0196-RBH, 2008 WL 4200595, at *2 (D.S.C. Sept. 8, 2008) (unpublished) ("If Wertz may not litigate pro se the rights of Smith, then it appears that Wertz lacks standing to bring this action; and, therefore, this Court does not have subject matter jurisdiction over this action.").

Plaintiff McHam's lack of standing renders the claims asserted on behalf of Plaintiff Smith "frivolous [because they] lack[] an arguable basis [] in law," Neitzke, 490 U.S. at 325. See Padilla v. Enzor, 279 Fed. Appx. 606, 615 (10th Cir. 2008) ("The district court dismissed this claim as frivolous holding [the plaintiff] does not have 'standing to raise a claim on behalf of the prisoners' families.' We agree."); Cummings v. Baker, 130 Fed. Appx. 446, 447 (11th Cir. 2005) ("Because . . . [the plaintiff] does not have standing to bring a § 1983 claim on behalf of 'similarly situated individuals,' the district court did not err when it dismissed his claim as frivolous.").[6] Therefore, the Court should dismiss for want of subject matter jurisdiction all federal-law claims related to Plaintiff Smith.

---

[6] In any event, the Court has an independent obligation to examine the existence of subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

7

## B. Failure to State a Claim

The only federal-law-based claims Plaintiff McHam alleges Defendants committed upon him concerns a purported false arrest - actionable under 42 U.S.C. § 1983. (Docket Entry 3, ¶¶ 119, 134; Docket Entry 4, ¶ 6.) The Court should dismiss Plaintiff McHam's claims of false arrest due to failure to state a claim for two reasons. First, Plaintiff McHam offers only conclusory allegations devoid of factual matter, and second, the statute of limitations has run on Plaintiff McHam's first false-arrest claim. For these reasons, Plaintiff McHam has failed to state a claim, and the Court should dismiss his federal-law claim(s).

To state a claim for false arrest, Plaintiff McHam must allege that the police arrested him without a warrant and without probable cause to believe that he had committed a crime. See Miller v. Prince George's Cnty, Md., 475 F.3d 621, 627 (4th Cir. 2007). As to the statute of limitations, although Plaintiff McHam's Section 1983 claim originates from federal law, the statute of limitations comes from state law, in this case three years. National Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991). Having established the length of the limitation period, the question then becomes when Plaintiff McHam's period began to run for the instant false arrest claim(s).

"[T]he accrual date of a § 1983 cause of action is a question of federal law . . . conforming in general to common-law tort

8

principles. Under those principles, it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . ." Wallace v. Kato, 549 U.S. 384, 388 (2007). However, the Supreme Court has recognized that false imprisonment or arrest claims present unique situations, and have held that the limitation period for a false arrest or imprisonment claim run from when the alleged false imprisonment or arrest end. Id. at 389.

In this case, Plaintiff McHam states nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678. In his first claim, Plaintiff McHam alleges that, in August of 2006, Defendants paid and conspired with a former police chief to have him falsely arrested to stop him from filing criminal charges against Defendants. (Docket Entry 3, ¶ 119.) Plaintiff McHam's pleadings also state that Defendants convinced a former police chief to falsely arrest Plaintiff McHam and that one of the Defendants and the police chief enjoyed a friendly relationship. (Id., ¶ 134.) In his second claim of false arrest, Plaintiff McHam states that Defendants conspired with a police officer to arrest him in November of 2013. (Docket Entry 4, ¶ 6.) These allegations do not "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Plaintiff does not include sufficient factual allegations to "nudge[] [his] claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570.

9

Moreover, Plaintiff McHam failed to allege that the police lacked a warrant and/or probable cause to arrest him either time. As it stands, Plaintiff has only made conclusory allegations of his alleged false arrests and the Court should dismiss Plaintiff McHam's claims of false arrest for failure to state a claim.

In addition, Plaintiff McHam's first claim of false arrest, from August of 2006, fails as a matter of law in light of the statute of limitations. Although Plaintiff McHam does not state when any custody related to the false arrest ended, information contained in his previous lawsuit reflects that such custody ended at least in 2007. See McHam v. City of Winston-Salem, No. 1:07-cv-602, (Docket Entry 1 at 12) (M.D.N.C.) (stating that a highway patrol officer gave Plaintiff McHam a ticket in April of 2007).[7] Therefore, the statute of limitations for Plaintiff's August-2006-false-arrest claim expired, at the latest, in 2010, and he did not file this case until 2014 - four years later. The Court should dismiss Plaintiff McHam's claim for false arrest in August of 2006 for its patent untimeliness.

C. Supplemental Jurisdiction

Because the undersigned has recommended dismissal of all of Plaintiffs' federal-law claims and only state-law claims remain, the undersigned will additionally recommend that the Court decline

---

[7] The Court may take judicial notice of public records when considering a motion to dismiss. See Philips v. County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. Magistrate judges regularly evaluate and recommend such action as part of the initial in forma pauperis review. See, e.g., Sims v. Nichols, No. 3:12-CV-0205, 2013 WL 3207252, at *13 (N.D.N.Y. May 18, 2013) (unpublished), recommendation adopted in part, 2013 WL 3207129 (N.D.N.Y. June 24, 2013) (unpublished); Daoud v. Manchester Police Dep't, No. 11-cv-099-JL, 2011 WL 5837126, at *4 (D.N.H. Oct. 25, 2011) (unpublished), recommendation adopted, 2011 WL 5837124 (D.N.H. Nov. 19, 2011) (unpublished). Federal courts possess jurisdiction to hear certain state-law claims - even after the original basis for federal jurisdiction disappears. 28 U.S.C. § 1367. However, the law does not mandate retention of jurisdiction. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."). In deciding whether to retain jurisdiction, courts have considered various factors, including: the convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. See id.

In reviewing the factors, remand represents the best course of action in this case. In particular, upon the dismissal of all federal-law claims in the early stages of the litigation, remand to

11

state court best promotes the values of economy, convenience, fairness, and comity. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims."). Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and dismiss them without prejudice to allow filing in state court.

## CONCLUSION

Plaintiff McHam's alleged power of attorney does not permit him to litigate on behalf of Plaintiff Smith. In addition, Plaintiff McHam has failed to state a claim for false arrest on his own behalf. Finally, the Court should decline supplemental jurisdiction over Plaintiffs' remaining state-law claims.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed In Forma Pauperis is granted.

**IT IS RECOMMENDED** that Plaintiff Smith's federal claims be dismissed for lack of subject matter jurisdiction, that Plaintiff McHam's claims be dismissed for failure to state a claim, and that supplemental jurisdiction over any state-law claims be declined pursuant to 28 U.S.C. § 1367(c)(3).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 17, 2014